FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  AUG 3 0 2006  ★
TIME P.M. _____
A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MAXINE BINYARD,

            Plaintiff,

-against-

AIM REALTY & MGMT LLC,

            Defendant.
----------------------------------------X

**MEMORANDUM AND ORDER**
06-CV-3713 (BMC)

**COGAN**, District Judge.

Plaintiff brings this action *pro se* alleging that defendant landlord violated her constitutional rights by allotting her scheduled "Section 8" housing rental to another tenant. She seeks fifty thousand dollars in damages. Complaint at 2. Because plaintiff alleges a civil rights violation, the Court liberally construes the action as brought pursuant to 42 U.S.C. §1983. The Court grants plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. §1915, but dismisses the action for the following reasons.

## Background

Plaintiff alleges that on July 13, 2006, the New York City Housing Authority approved her for a Section 8 rental,[1] and subsequently entered into a contract with defendant landlord for plaintiff to occupy an apartment for one year. Complaint at ¶ 5; Attachment 1, Letter from New York City Housing Authority dated July 13, 2006 to defendant ("NYCHA letter"). Under the contract, NYCHA was to make housing assistance payments to defendant covering $1117.00 of

---

[1] Section 8 of the Housing and Community Development Act of 1974 ("HCDA") authorizes public housing authorities to enter into contracts with landlords through which the government subsidizes lower-income housing. Unlike other programs designed to increase affordable housing stock, such as publicly-owned housing projects, §8 channels subsidies to lower-income individuals through private landlords.

1

plaintiff's $1324.00 rent. NYCHA letter. On July 24, 2006, defendant informed plaintiff that her "apartment was given to another individual." Complaint at 2. Plaintiff states that she and her family were "traumatized" by the change of plans and feel that they have been dealt with "with malice and contempt." Id.

## Standard of Review

The Court construes plaintiff's complaint liberally, particularly because it alleges civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Nevertheless, under 28 U.S.C. §1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## Discussion

In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct complained of deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Defendant is a private party and therefore not a proper party to a §1983 action. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144,

152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); see also McNeill v. New York City Housing Authority, 719 F. Supp. 233, 248 (S.D.N.Y. 1989) (holding that while tenants may bring Brooke Amendment claims against local housing authorities pursuant to §1983, and may even be able to bring such claims against federally-funded housing projects, the line is drawn at private landlords) (citing Wright v. City of Roanoke Development & Housing Auth., 479 U.S. 418 (1987)). Nor is it the case that the State exercises sufficient responsibility over or control of defendant's decision not to rent a particular unit to plaintiff such that the decision can fairly be treated as that of the State itself. See Chan v. City of New York, 1 F.3d 96 (2d Cir. 1993) (citing Blum v. Yaretsky, 457 U.S. 991 (1982)). Therefore, defendant in the instant action is not a state actor, and plaintiff's complaint fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

## Conclusion

Accordingly, plaintiff's complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                            BRIAN M. COGAN
                                                         United States District Judge

Dated: Brooklyn, New York
       Aug 29, 2006